23036

In re W. Turner KLAPMAN, Magistrate of
Orangeburg County, Respondent.
(380 S. E. (2d) 831)

Supreme Court

*Attorney Gen. T. Travis Medlock* and *Asst. Atty. Gen. James G. Bogle, Jr.*, Columbia, *for complainant.*

*W. Turner Klapman*, Orangeburg, *pro se.*

*Per Curiam:*

Respondent is an Orangeburg County Magistrate charged with judicial misconduct. We agree with the Judicial Standards Commission's finding of misconduct, and impose the sanction of public reprimand.

The Complaint in this matter alleges that:

A. Respondent has on numerous occasions since December of 1985 been under the influence of alcoholic beverages while in his office during regular business hours;

B. During Christmas of 1986, a party was held during working hours in Respondent's office where alcoholic beverages were served and consumed;

C. On or about September 14, 1987, Respondent was observed to be under the influence of alcoholic beverages or drugs during business hours while on duty at his office.

Testimony before the Hearing Masters established that County employees had frequently observed Respondent red-faced, with slurred speech, and smelling of alcohol. Specifically, their observations on the morning of September 14, 1987, were corroborated by a Sheriff's Deputy and by an investigator with the South Carolina State College Police. Witnesses also testified concerning a 1986 Christmas party, held in Respondent's office during office hours, at which alcoholic beverages were served.

We agree that the allegations of the Complaint were proved by clear and convincing evidence. By his actions, Respondent has violated Code of Judicial Conduct Canons 1 (requiring a judge to uphold the integrity of the judiciary), 2(A) (requiring a judge to conduct himself in a manner that promotes public confidence in the judiciary), and 3(B)(2) (requiring a judge to have his staff observe the standards of fidelity and diligence which apply to him). He is, therefore, guilty of misconduct under section 1(b) of the Rule on Judicial Discipline and Standards, Supreme Court Rule 34.

Respondent's repeated intoxication during performance of his duties severely undermines the public's perception of and confidence in the judiciary. Accordingly, he stands publicly reprimanded.

Public reprimand.